IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DYRON D. HAMMARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:09-CV-781 |
| | ) | |
| JERRY WAYNE SOLES, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SUPPLEMENTAL OPINION, ORDER and JUDGMENT

Catherine C. Eagles, District Judge

This matter is before the Court on Defendants' Rule 11 Motion for Sanctions.[1] (Doc. 22.) On March 7, 2013, this matter was noticed for hearing, and a hearing was held as noticed on March 28, 2013. William Hill, counsel for the defendants, appeared for the defendants. The plaintiff, Dyron Hammary, appeared pro se.

In a March 22, 2013, Memorandum Opinion and Order, the Court stated its reasons for finding and concluding that Mr. Hammary violated Federal Rule of Civil Procedure 11(b)(2) in connection with his claims against a dog. *See Hammary v. Soles*, No. 1:09-CV-781, 2013 WL 1192783 (M.D.N.C. Mar. 22, 2013). Based on the findings made and reasons stated in open court at the hearing, the Court also finds and concludes that Mr. Hammary violated Federal Rule of Civil Procedure 11(b)(3) in connection with his § 1981 claims against defendant Jerry Wayne Soles, Jr. The Court concludes that a sanction is appropriate. After consideration of a range of

---

[1] The Court has already made some findings relevant to this motion in a previous opinion. *See Hammary v. Soles*, No. 1:09-CV-781, 2013 WL 1192783 (M.D.N.C. Mar. 22, 2013). This decision supplements that opinion and resolves the remaining issues.

possible sanctions, and for the reasons stated in more detail in open court, the Court will dismiss the plaintiff's complaint with prejudice.

The violation of Rule 11(b)(3) was egregious. In his verified complaint, Mr. Hammary alleged under oath that Detective Soles made racially offensive statements to him during a traffic stop. He purported to quote Detective Soles verbatim, offering several sentences in quotation marks and placing them at specific moments in time during the traffic search. These allegations form the basis for his claim that Detective Soles violated 42 U.S.C. § 1981 and were extremely serious; if true, the conduct would be outrageous. Yet the allegations were not true; they were false. An audio/video recording of the traffic stop unmistakably and unambiguously demonstrates that Detective Soles did not make the statements Mr. Hammary alleged. The recording is clear and audible, there has been no challenge to its authenticity, and it directly and completely covers the relevant aspects of the traffic stop. Detective Soles made no racially offensive statements to Mr. Hammary and was polite and courteous during the entire encounter. Mr. Hammary persisted in his false claim even after receiving the required notice under Rule 11 from the defendant and after the recording was filed with the court. He offered neither explanation nor apology for his blatantly false statements, either in his written response to the motion for sanctions, (Doc. 27), or at the hearing.

On top of the egregious Rule 11(b)(3) violation, as noted *supra* Mr. Hammary violated Rule 11(b)(2) in connection with frivolous claims against a dog. *See Hammary v. Soles*, 2013 WL 1192783. He persisted in his claim against the dog even after receiving the required notice from the defendants that they would file a Rule 11 motion.

Taking both violations together, and also considering Mr. Hammary's lack of remorse for the violations, dismissal of the entire lawsuit is warranted. Dismissal is an extreme sanction, and

the Court has considered other alternatives, including deferring ruling pending discovery. Delay would serve no purpose here, since Mr. Hammary's sworn statements are blatantly and unambiguously contradicted by the objective record and he has offered no suggestion that he has further evidence to develop. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). Moreover, in the very unusual circumstances of this case, lesser sanctions would not be effective.

Initiation of a lawsuit is a serious matter. Verifying a complaint is a serious matter. Alleging civil rights violations against a law enforcement official is a serious matter. When serious violations are alleged, especially under oath, courts and the public take them seriously. False allegations and lies under oath undermine the entire system. A lesser sanction would not deter repetition of this kind of improper conduct by Mr. Hammary or by others.

For these reasons and as explained in more detail in open court, the motion for sanctions will be granted and the case will be dismissed in its entirety.

It is **ORDERED and ADJUDGED** that:

1. The Defendants' Motion for Sanctions (Doc. 22) is **GRANTED**.
2. The Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

This the 29th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE